UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CANOVA LAW OFFICE LLC,
                    Plaintiff,

             -v-

THE LAW OFFICE OF RONALD A.
MARRON, APLC,
                    Defendant.

---

22-CV-7125 (JPO)

MEMORANDUM AND ORDER

J. PAUL OETKEN, District Judge:

Plaintiff Canova Law Office LLC ("Canova"), a plaintiff-side class action law firm, brought this action to enforce a fee-splitting agreement with Defendant Law Office of Ronald A. Marron, APLC ("Marron"), co-class counsel in a California state class action lawsuit which settled on May 17, 2018.  The parties' contract is alleged to entitle Canova to half of the $435,289.80 in attorneys' fees which were paid to Marron as part of a settlement in the California state case.  On September 19, 2022, Marron moved to dismiss the case for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2) and lack of venue under Rule 12(b)(3).  Marron argues, first, that there is no personal jurisdiction over it in the Southern District of New York and, second, that an applicable arbitration clause required venue in California.  (ECF No. 10.)  On October 6, 2022, Canova filed a letter expressly conceding that the arbitration clause required arbitration in California, but suggesting that a stay of this proceeding rather than dismissal was the proper remedy.  (ECF No. 15.)  Canova does not address Marron's argument for dismissal for lack of personal jurisdiction.

Marron's motion to dismiss for lack of jurisdiction is granted.  Canova has failed to "bear[] the burden of demonstrating personal jurisdiction over . . . [the] entity against whom it seeks to bring suit." *Penguin Gr. (USA) Inc. v. Am. Buddha*, 609 F.3d 30, 34 (2d Cir. 2010)

(citation omitted).  There are two kinds of personal jurisdiction: general and specific.  "General jurisdiction renders a defendant amenable to suit on all claims," while specific jurisdiction covers claims that "arise from conduct related to the forum."  *Cortlandt St. Recovery Corp. v. Deutsche Bank AG*, 2015 WL 5091170, at *2 (S.D.N.Y. Aug. 28, 2015) (citing *Daimler AG v. Bauman*, 571 U.S. 117, 126–27 (2014)).

Marron is not subject to the Court's general jurisdiction.  There is no allegation that Marron is incorporated in New York, nor that it is at home here.  The Complaint suggests that Marron had cases in New York courts, but the assertion that, over an unspecified time period, a party litigated 11 total cases in New York state and federal courts does not amount to the required "continuous and systemic general business contacts" necessary to exercise general jurisdiction over it.  *SPV Osus Ltd. v. UBS AG*, 882 F.3d 333, 343 (2d Cir. 2018).

Nor is there any basis to exercise specific jurisdiction.  There is no allegation of Marron's consent to suit, so the Court may exercise personal jurisdiction "only to the extent that a 'court of general jurisdiction' in New York could do the same.'"  *Aviles v. S & P Global, Inc.*, 380 F. Supp. 3d 221, 259 (S.D.N.Y. 2019) (quoting Fed. R. Civ. P. 4(k)(1)(A)).  Here, a New York court's exercise of jurisdiction must "fall within the scope of New York's long-arm statute," N.Y.C.P.L.R. § 302.  *Id.*  Under it, "a court may take jurisdiction over non-domiciliary defendants if the claims arise from the defendants' transaction of business within the state." *Lifetrade*, 2021 WL 1178087 at *3 (internal citation omitted).  Here, while there are allegations that Marron "purposefully avail[ed] itself of the privilege of conducting activities within New York" in a general sense of having profited at some time from the New York legal market, there are no allegations that there was "some articulable nexus between the business transacted [in New York state] and the cause of action sued upon."  *Id.* (internal citations omitted).

Applying the five factors courts traditionally use to assess "whether a party in a contract action has transacted business" with a sufficient nexus to the Complaint reveals no conceivable basis for specific jurisdiction. *C.B.C. Wood Prod., Inc. v. LMD Integrated Logistics Servs., Inc.*, 455 F. Supp. 2d 218, 224 (E.D.N.Y. 2006). *First*, there is no allegation that Marron maintains "an ongoing contractual relationship with [any] New York entity." *Id.* The one contract mentioned terminated years ago. *Second*, there is no allegation that the contract was "negotiated or executed in New York." *Id.* There may have been emails sent by Marron to New York, but email contacts are insufficient as a matter of law to allege a nexus. *See Wego Chem. & Min. Corp. v. Magnablend Inc.*, 945 F. Supp. 2d 377, 383 – 84 (E.D.N.Y. 2013) (citation omitted). *Third*, the contract was to be performed exclusively in California, not in New York. *C.B.C. Wood*, 455 F. Supp. 2d at 224. Indeed, "[t]he fact that the contract was to be performed entirely outside New York weighs heavily against the exercise of personal jurisdiction." *Lear v. Royal Caribbean Cruises, Ltd.*, 2021 WL 1299489, at *8 (S.D.N.Y. April 7, 2021). *Fourth*, the contract did not require any "notices or payments" to "be sent to New York" as it split the attorneys' fees from a California state court class action. *C.B.C. Wood*, 455 F. Supp. 2d at 224. *Fifth*, the contract contains a California choice of law clause, not a "New York choice of law clause." *See id.*

For the foregoing reasons, Defendant's motion to dismiss for lack of personal jurisdiction under Rule 12(b)(2) is GRANTED. Plaintiff's request to stay this case is DENIED as moot.

The Clerk of Court is directed to close the motions at ECF Numbers 10 and 15. The Clerk is further directed to close this case.

SO ORDERED.

Dated: September 12, 2023
New York, New York

_____
J. PAUL OETKEN
United States District Judge